RACHEL JOHNSON

v.

THOMAS E. JOHNSON.

A husband was intemperate and idle, and his wife told him that if he was going to continue to do as he had done, they "might as well each do for themselves," whereupon he left her. They separated amicably; she attending him to the railroad station when he left. She swears that she has never seen or heard from him since then (in 1878), although he appears to have written two letters to their daughter, who lived with her mother, the first letter being written about a year after he went away. The wife says that, by her expression, she meant, "that either he must support his family, or she and he must each support himself or herself."—*Held*, that the separation does not amount to desertion to justify a divorce.

Petition for divorce.

*Mr. R. P. Wortendyke*, for petitioner.

THE CHANCELLOR.

This is a suit for divorce for desertion. The alleged desertion took place on the 28th day of January, 1878. The petitioner in her testimony says that she and her husband had had frequent conversations on the subject of his habits, which, she says, were intemperate and idle, and his not providing for the support of the family; that, on the night before his departure, she asked him what he was going to do, and said to him that if he was going to continue to do as he had done, they "might as well each do for themselves," and that he then said that "if that was the way she preferred, they could do so." She says that the next morning, the day on which he went away, he asked her if she meant what she said, and that she replied that she did, and was determined upon it. When he left she accompanied him to the railroad station, and they bade each other good-bye. He did not then take his clothes, but about two

Johnson v. Johnson.

weeks afterwards sent his mother after them, and she got them. The petitioner states what she meant by the language she used to her husband which caused his departure. She says she meant that "either he must support his family or she and he must each support himself or herself." It appears from the testimony of the daughter of the parties, who lives with her mother, that he wrote to the daughter about a year after he went away. She replied to the letter and received another one afterwards, which she also answered. But it does not appear by the testimony where he then was. The petitioner says she has never seen or heard from him since he left her. She probably means that she has not heard from him directly, for it is to be presumed that she knew of his correspondence with the daughter. The separation of these parties appears to have been brought about by the petitioner herself, and so far from deserting his wife, the defendant left her only when she insisted that they must separate. As before stated, she accompanied him to the railroad station when he left, and they bade each other good-bye, and seem to have parted in friendship. What took place between them on the occasion of the separation appears only from her testimony, and it does not appear what were the contents of the letters written by him to his daughter. If, as the petitioner says, she intended that if he did not support his family he must leave her, and she therefore insisted on his going, his departure was not a desertion within the divorce act. *Laing* v. *Laing, 6 C. E. Gr. 248; Palmer* v. *Palmer, 7 C. E. Gr. 88; Hankinson* v. *Hankinson, 6 Stew. Eq. 66.* There must be an abandonment against the will of the abandoned party, persisted in for the period fixed by the statute, or the equivalent of such abandonment, as in the cases mentioned in *Palmer* v. *Palmer.* The conditions of the law are not fulfilled by the separation and conduct shown in this case. Moreover, all the proof on the subject of the desertion is the petitioner's own testimony, and it is not corroborated. The petition will be dismissed.